UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRUCE E. VOID-EL, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 11-0255 (JEB) |
| : | |
| TERRY O'BRIEN, *et al.* : | |
| : | |
| Defendants. : | |

**MEMORANDUM OPINION**

Plaintiff Bruce Void-El has brought this action seeking to obtain good-time credits in order to reduce his murder sentence. Although the pleading and procedural history is somewhat tortuous, the Court ultimately finds that, as venue here is improper, the case should be dismissed.

I.  **Background**

Approximately twenty years ago in the Superior Court of the District of Columbia, a jury found Plaintiff guilty of conspiracy to distribute and possess with the intent to distribute PCP and cocaine and of first-degree murder while armed. United States v. Void, 631 A.2d 374, 376 (D.C. 1993). He received a term of 3-9 years' imprisonment on the conspiracy conviction, to be served consecutively to a mandatory-minimum term of 20 years to life on the murder conviction. Defs.' Mot. to Set Aside Default, Statement of Material Facts not in Dispute, at ¶ 2. Plaintiff, whose aggregate minimum term of imprisonment is thus 23 years, has been transferred to the custody of the Federal Bureau of Prisons.

Plaintiff originally filed the Complaint in this case in the Superior Court on Oct. 30, 2010.   At the time, he was designated to the United States Penitentiary in Bruceton Mills, West

1

Virginia ("USP Hazleton"). He has since been designated to the Federal Correctional Institution in Cumberland, Maryland. In its entirety, the Complaint states:

> THE DESIGNATION AND SENTENCE COMPUTATION CENTER, AND THE RECORDS OFFICE (INMATE SYSTEMS MANAGERS OFFICE) AT USP HAZELTON BOTH HAVE MISS CALCULATED MY SENTENCE COMPUTATION BY NOT APPLYING THE "DISTRICT OF COLUMBIA GOODTIME CREDITS ACT" FOR OFFENSES COMMITTED ON OR AFTER APRIL 11, 1987, UNTIL JUNE 21, 1994. SPECIFICALLY, 24 DSC § 428 INSTITUTION GOOD TIME, OFF THE MINIMUM AND MAXIMUM TERM, AND 24 DSC § 429 EDUCATION GOOD TIME OFF THE MINIMUM AND MAXIMUM TERM. THEREBY MAKING (MYSELF) MISS MY PAROLE ELIGIBILITY DATE BY ONE YEAR, AND COUNTING. I HAVE EXHAUSTED ALL ADMINISTRATIVE REMEDIES. I AM SEEKING $7,000,000 IN ACTUAL DAMAGES, AND RELEASE FROM INCARCERATION.

Plaintiff named two Defendants: Terry O'Brien, the Warden of USP Hazleton, see Defs.' Opp. to Pl.'s Mot. to Remand, Decl. of Terry O'Brien, ¶ 1, and Jose Santana, the Chief of the BOP's Designation and Sentence Computation Center ("DSCC"). Id., Decl. of Jose Santana, ¶ 1. Each Defendant is a full-time career employee of the BOP and has held his position since 2010. O'Brien Decl. ¶¶ 1, 3; Santana Decl. ¶¶ 1, 3.

The Superior Court for some reason classified Plaintiff's case as a personal-injury lawsuit. See Information Sheet, Civ. No. 8231-10 (D.C. Super. Ct., filed Oct. 30, 2010). According to the Superior Court docket, summonses were issued on November 10, 2010, and service by certified mail was made on Defendant O'Brien on November 4, 2010, and on Defendant Santana on November 5, 2010. Neither Defendant responded to the Complaint, and the Clerk of Superior Court entered a default as to both on January 20, 2011. Four days later, Plaintiff filed a motion for default judgment, following which Defendants removed the matter to this Court under 28 U.S.C. §§ 1441 and 1442(a)(1) on January 31, 2011.

2

On Feb. 22, 2011, Defendants moved to set aside the Superior Court default and also sought dismissal or summary judgment. In their pleadings, Defendants argued that dismissal was proper whether they were sued in their individual or official capacities, and that the United States, were it substituted as a party, should also be dismissed. Mot. at 4-14. Plaintiff responded that removal was improper because he "<u>did not</u> file a civil action against the Federal Bureau of Prisons, or the United States or an officer thereof, but Plaintiff did file a civil action against independent contractors, Terry O'Brien and Jose Santana . . . ." Pl. Rep. to Defs.' Notice of Removal at 1-2 (emphasis original). The Court construes this pleading as a motion for remand under 28 U.S.C. § 1447(c). The Government then filed a Supplemental Motion to Dismiss, which included a certification that O'Brien and Santana "were acting within the scope of their employment as employees of the [BOP] at the time of the allegations stated in the complaint." Supp. Mot. to Dismiss, Certification of Rudolph Contreras, Chief, Civil Division, Office of the United States Attorney for the District of Columbia, dated April 1, 2011.

## II.    Legal Standard

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. <u>Leatherman v. Tarrant Cty. Narcotics & Coordination Unit</u>, 507 U.S. 163, 164 (1993). The notice pleading rules are "not meant to impose a great burden on a plaintiff," <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005), and he or she must thus be given every favorable inference that may be drawn from the allegations of fact. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, <u>Twombly</u>, 550 U.S. at 555,

3

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss for improper venue, the Court is not limited to the pleadings where extrinsic material is submitted. Faulkenberg v. CB Tax Franchise Systems, LP, 637 F.3d 801, 809-10 (7th Cir. 2011). In such a motion, the pleadings need not be accepted as true, and the Court may accept facts outside the pleadings. Murphy v. Schneider National, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004).

### III. Analysis

#### A. Removal

In seeking a remand back to Superior Court, Plaintiff first challenges the propriety of Defendants' removing the case to this Court. A notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Plaintiff argues that, as Defendants were served more than thirty days prior to the filing of the notice of removal, such notice is untimely. Pl.'s Rep. at 2. Defendants correctly point out, however, that they were never properly served. Under Federal Rule of Civil Procedure 4(i), a plaintiff suing an employee of the United States in his individual or official capacity must serve the United States. In this case, this requires delivery of the summons and complaint to the

United States Attorney for the District of Columbia and the Attorney General of the United States.  Rule 4(i)(1).  The Supreme Court has interpreted the statute to require formal service in order for the thirty-day removal period to begin running.  <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999).  Given that the 30-day period never commenced here, Plaintiff cannot prevail on his remand argument.

Since no service was properly effected, furthermore, the entry of default against Defendants was improper.  Under Rule 55(c), "[t]he court may set aside an entry of default for good cause."  "In exercising its discretion, the district court is supposed to consider whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious."  <u>Mohamad v. Rajoub</u>, 634 F.3d 604, 606 (D.C. Cir. 2011) (internal quotations and citation omitted).  The default was not willful where Defendants, not having been served, had no duty to respond to the Complaint, and their alleged defenses are meritorious.  In addition, Plaintiff is not prejudiced where he did not comply with the Federal Rules.  Vacating the default is thus clearly appropriate.  <u>See</u> <u>Bennett v. United States</u>, 462 F. Supp. 2d 35, 38 (D.D.C. 2006) (Court found that good cause existed to set aside default because federal defendant was not properly served in accordance with Fed. R. Civ. P. 4(i)); <u>PEPCO v. China Constr. America Inc.</u>, 2009 WL 3163058 at *1 (D.D.C. 2009) (vacating Superior Court default in removed case).

B. <u>Individual and Official Capacities</u>

Plaintiff claims he is bringing this action against O'Brien and Santana in their individual capacities because they are "independent contractors," rather than federal government employees. Pl. Rep. at 1.  Simply saying so, however, does not make it so, and the record shows the contrary.  Each defendant is a full-time career employee of the BOP and has held his position since 2010.  O'Brien Decl. ¶¶ 1, 3; Santana Decl. ¶¶ 1, 3.  Whether this action purports to be one

against Defendants in their individual or official capacities, it must be converted to one against the United States.  As the D.C. Circuit has explained:

> The Federal Tort Claims Act is a limited waiver of the Government's sovereign immunity. Under the FTCA, plaintiffs may sue the United States in federal court for state-law torts committed by government employees within the scope of their employment. 28 U.S.C. §§ 1346(b), 2671-80. But the FTCA does not create a statutory cause of action against individual government employees.
>
> If a plaintiff files a state-law tort suit against an individual government employee, a companion statute-the Westfall Act- provides that the Attorney General may certify that the employee was acting within the scope of employment "at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1). Upon the Attorney General's certification, the tort suit automatically converts to an FTCA "action against the United States" in federal court; the Government becomes the sole party defendant; and the FTCA's requirements, exceptions, and defenses apply to the suit.  Id.

Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008) (footnote omitted).  In this case, since the Westfall Act certification has been made, the United States is the only proper Defendant.  See Contreras Cert.  Plaintiff does not dispute this, nor could he given that sentence calculations by prison officials are clearly acts taken within the scope of their employment.

As the United States is the sole proper Defendant here, the Court must now determine whether venue is proper under the FTCA.

   C.  Improper Venue

Venue for any FTCA claim lies only in the judicial district where the plaintiff resides or where the cause of action arose.  28 U.S.C. § 1402(b); Shipley v. Bureau of Prisons, 729 F. Supp. 2d 272, 275 (D.D.C. 2010).  Plaintiff currently resides in Maryland, not the District of Columbia, since he is incarcerated at  FCI Cumberland, having been transferred from USP Hazelton.  Venue would

only be proper, therefore, if the cause of action arose here in the District. Under the FTCA, a tort claim arises at the place where the alleged tortious act occurred. See Beattie v. United States, 592 F. Supp. 780, 784 (D.D.C. 1984), aff'd, 756 F.2d 91 (D.C. Cir. 1984). Plaintiff's allegations here relate to events -- namely, the alleged miscalculation of his sentence -- that he believes took place at USP Hazelton or at DSCC in Grand Prairie, Texas. In other words, there is no allegation that any calculation of his prison sentence took place in the District. As a result, the District of Columbia is an improper venue for Plaintiff's FTCA claims. See Hemmings v. United States, 373 Fed. Appx. 82 (D.C. Cir. 2010) (affirming dismissal of FTCA claims for lack of venue because appellant did not live in the District of Columbia and his claims related to alleged mistreatment at facilities outside of D.C.).

  D.  Habeas Claim

  Although it is not styled as such, Plaintiff's claim is in actuality one that should have been brought in a habeas corpus petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas is exclusive remedy for state prisoner's attack on revocation of good-time credits). If he had done so, however, venue here would still be improper. This is because he is not confined in the District of Columbia, and the acts he complains of did not occur here. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (traditional rule has been that "Great Writ is issuable only in the district of confinement") (internal quotation and citation omitted); In re Mendez, 2009 WL 2981978 at *1 (D.C. Cir. 2009) ("Even if petitioner has asserted damages claims that do not sound in habeas, venue is appropriate in that judicial district[] where petitioner is confined and a substantial part of the events or omissions giving rise to the claims occurred.") (Citation omitted); Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) ("the proper venue for filing a § 2241 petition is the district in which the prisoner is confined") (citations omitted).

**IV.     Conclusion**

The Court will thus issue an Order this day that dismisses the case without prejudice for Plaintiff to refile, if he so chooses, in the appropriate forum.


                                                        JAMES E. BOASBERG
                                                        United States District Judge

DATE:  September 12, 2011